IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FLORA GILPATRICK and DAREN MOON,
Individually and on behalf of the Heirs at law
of BRET DALLAS MOON, and SAVANNAH
MOON, Administrator of the ESTATE
OF BRET DALLAS MOON,

        Plaintiffs,

v.                                              Case No. 19-1163-JWB

HARPER COUNTY, KANSAS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendants' motion to dismiss (Doc. 23). The motion has been fully briefed and is ripe for decision. (Docs. 24, 28, 30.) Defendants' motion is GRANTED for the reasons stated herein.

**I.    Facts**

The following facts are taken from the allegations in the complaint. On May 19, 2018, Bret Moon was booked into the Harper County Jail ("the jail"). On May 22, Moon was sent to Larned State Hospital ("Larned") by court order "because of his medical condition." (Doc. 1 at 14.) Larned provides mental health services and is the largest psychiatric facility in Kansas. Moon was released from Larned on May 25 with "instructions that he remain on his medications."[1] (*Id.*) On May 26, Moon was booked into the jail and placed in a single-person cell. Moon was not placed on suicide watch.

---

[1] The complaint fails to identify Moon's medications or his mental health diagnosis.

On May 29, Moon was found unresponsive. Moon was hanging from the top bunk with a long plastic trash bag drawstring tied around his neck. Moon was taken to the hospital but later pronounced dead.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to Moon's serious medical needs. Plaintiffs further allege that Defendants failed to implement appropriate policies and failed to train the officers. Plaintiffs also bring a claim of wrongful death under state law.

This action is brought by the following Plaintiffs: Moon's estate, through Savannah Moon, the administrator of Moon's estate; Flora Gilpatrick, Moon's mother; and Daren Moon, Moon's brother. Plaintiffs have filed this action against Harper County and the Harper County Sheriff's Department. Plaintiffs have also named as Defendants numerous individuals in both their official and individual capacities including: Tracy Chance, the sheriff of Harper County; Justin Carey, the administrator of the jail; and Tom Burns, the undersheriff of Harper County. Plaintiffs have also named the following jail officers in both their official and individual capacities: Kenny Hodson; Dallas Murphy; Deborah Murphy; Travis Peterson; Vance Williams; Ellen Yoder; Drake Chance; Alex Crawley; Tamara Crawley; Julie Harris; Samuel Porter; and Sam Rothenbush. Plaintiffs have also named the following commissioners of Harper County in both their individual and official capacities: Brian Waldschmidt; Carla Pence; Lee Adams; and Ruth Elliott.

Defendants move to dismiss the complaint on the basis that it fails to state a claim and the individual Defendants are entitled to qualified immunity. Defendants raise additional arguments regarding the dismissal of the Sheriff's Department and the state law claims.[2]

**II.     Standards**

Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Section 1983 Qualified Immunity. The individual Defendants move for dismissal on the basis of qualified immunity. "Individual defendants named in a § 1983 action may raise a defense of qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

---

[2] Both parties attach matters outside the pleadings to their memoranda. The court declines to consider such documents in deciding this motion to dismiss. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (courts may consider exhibits attached to the complaint and documents incorporated by complaint on a motion to dismiss).

Supervisor Liability. Vicarious liability is inapplicable to section 1983 claims. *Iqbal*, 556 U.S. at 676. As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* A plaintiff may also plead a claim against a "defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy" which caused the constitutional harm. *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Therefore, personal liability includes both personal involvement or supervisory liability due to a policy. *Brown v. Montoya*, 662 F.3d 1152, 1164-1165 (10th Cir. 2011) (Personal liability through "his personal participation" "or the promulgation of a policy.").

If the basis of liability is a policy, Plaintiffs must prove that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds*, 614 F.3d at 1199. "An affirmative link must exist between the constitutional deprivation and the supervisor's personal participation, exercise of control or direction, or failure to supervise." *Quint v. Cox*, 348 F. Supp. 2d 1243, 1250 (D. Kan. 2004).

Municipal Liability. Municipal liability requires more than a violation by one of the municipality's officers. Plaintiffs must sufficiently allege: (1) that a violation was committed by an officer; (2) that there is a municipal policy or custom; and (3) a "direct causal link between the policy or custom and the injury alleged." *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006). A policy or custom includes the following: 1) a "formal regulation or policy statement;" 2) an informal custom that amounts to a widespread and well-settled practice; 3) a decision of an employee with final policymaking authority; 4) ratification by a final policymaker of a

subordinate's decision; or 5) "failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused." *Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010).

III. Analysis

    A. Claims Against Harper County Sheriff's Office

Defendants move for dismissal of all claims against Harper County Sheriff's Office on the basis that this entity cannot be sued under Kansas law. (Doc. 24 at 16.) Under Kansas law, subordinate government entities do not have the capacity to sue or be sued unless there is statutory authorization.[3] *Creamer v. Ellis Cty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 1870872, at *5 (D. Kan. June 29, 2009) (citing *Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964, 977 (1994). The Kansas legislature has not expressly or impliedly provided a county sheriff's department with the capacity to sue or be sued. *Id.*

The court finds that the claims against Harper County Sheriff's Office must be dismissed as it is not an entity that can be sued under Kansas law.

    B. Section 1983 Claims brought by Gilpatrick and Daren Moon

Defendants move for dismissal of the § 1983 claims brought by Gilpatrick, Moon's mother, and Daren Moon, Moon's brother, on the basis that such claims can only be based upon the violation of a plaintiff's personal rights.[4] The Tenth Circuit has held that a § 1983 claim "must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). In response, Plaintiffs argue that they have standing to bring these claims. (Doc. 28 at 4.) Plaintiffs, however, offer no authority for this proposition. Plaintiffs also state that they would like an opportunity to amend

---

[3] The statutory authorization can be express or implied. *Creamer*, 2009 WL 1870872, at *5.
[4] Defendants do not dispute that Savannah Moon may bring a § 1983 claim in her capacity as administrator of Moon's estate.

to allege standing. Plaintiffs, however, do not attach an amended complaint or identify how they will cure this defect. In reading the complaint, it is clear that Gilpatrick and Daren Moon do not allege that Defendants violated their own constitutional rights.

Therefore, the court finds that Gilpatrick and Daren Moon's § 1983 claims must be dismissed as they have not alleged any violation of their own personal rights. *See Bruner-McMahon v. Hinshaw*, 846 F. Supp. 2d 1177, 1198 (D. Kan. 2012) (dismissing § 1983 claims brought by children of the deceased), *aff'd sub nom. Bruner-McMahon v. Jameson*, 566 F. App'x 628 (10th Cir. 2014).

### C. Section 1983 Claim of Deliberate Indifference

In their first claim, Plaintiffs allege that Defendants were deliberately indifferent to Moon's constitutional rights by failing to provide medical care and a safe environment. Defendants assert that Plaintiffs' complaint fails to state a claim.

<u>Individual Defendants.</u> In order to state a claim for deliberate indifference, Plaintiffs' allegations must satisfy "both an objective and a subjective component" with respect to each individual Defendant. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Plaintiffs must first point to "objective evidence that the deprivation at issue was in fact sufficiently serious." *Id.* "[A] medical need is sufficiently serious if it is one ... that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations omitted.)

Plaintiffs' complaint fails to allege any facts regarding a serious medical need. Plaintiffs' complaint states that Defendants "had actual knowledge of [Moon's] mental condition and suicidal tendencies based upon his recent hospitalization." (Doc. 1 at 15.) Plaintiffs further allege that "Mr. Moon's medical and psychological needs were so obvious that even a layperson would easily recognize them" and Defendants "deliberately disregarded Mr. Moon's objectively

serious medical and psychological condition." (Doc. 1 at 17.) These are not facts but conclusions. Plaintiffs have failed to allege any facts regarding Moon's mental condition nor have they alleged any facts that show that the individual Defendants, or any of them, had knowledge of such condition. The only facts alleged are that Moon was ordered to Larned and then released with instructions to stay on his medications. These facts do not sufficiently allege a serious medical need. Therefore, Plaintiffs' complaint does not meet the objective component.

Even if the court determined that Plaintiffs satisfied the objective component, Plaintiffs have not satisfied the subjective component. This "requires the plaintiff to present evidence of the prison official's culpable state of mind." *Mata*, 427 F.3d at 751. "The subjective component is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* The allegations in the complaint are not sufficient to show that the individual Defendants acted with a "culpable state of mind." *Id.* Plaintiffs have alleged that "Defendants failed to provide a safe environment for Mr. Moon or take any other reasonable measures to deal with Mr. Moon's condition." (Doc. 1 at 17.) Plaintiffs have also alleged that "upon information and belief, Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Moon's serious medical needs in that they had actual knowledge of his mental condition and suicidal tendencies based upon his recent hospitalization at the state's largest psychiatric facility, and did not provide proper and/or adequate medical treatment to him." These allegations are conclusory.

Plaintiffs have failed to specifically allege what each Defendant did and did not do and what should have been done in order to establish that each Defendant acted with the requisite

state of mind. Plaintiffs have also failed to allege facts that were specifically known to each Defendant to show that the individual Defendants were aware of a risk of serious harm to Moon. The failure to do so is fatal to this claim. Moreover, by using "the collective term Defendants or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins,* 519 F.3d at 1250.

The facts in the complaint do not support a finding that any individual acted with a culpable state of mind. Notably, there are no facts alleging that these individuals were even present during the short time period when Moon was confined in the jail and at the time of his death. Therefore, the claims against the individual Defendants are subject to dismissal as Plaintiffs have not sufficiently alleged a constitutional violation.[5] *See Wastach Equal. v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016) (explaining that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief); *Graves*, 450 F.3d at 1218 ("We need not reach the question of whether the individual defendants are entitled to qualified immunity if we determine [] that plaintiffs failed to sufficiently allege the violation of a constitutional right.") (citations omitted.)

<u>Supervisors and Municipal Defendants.</u> As Plaintiff has failed to allege a violation by any individual Defendants, the supervisory officers and the county cannot be liable on this claim. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002); *Bruner-McMahon*, 846 F. Supp. 2d at 1207. Moreover, Plaintiffs have failed to allege any deliberate or intentional acts

---

[5] Plaintiffs argue that the court should relax the standard and allow them to proceed under Rule 8 because Defendants have refused to provide information regarding Moon's death. (Doc. 28 at 6-8.) Plaintiffs, however, cite no authority for the proposition that a plaintiff may make conclusory allegations when a Plaintiff does not have facts to support a claim. "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

taken by a supervisory Defendant that violated Moon's rights. *Serna v. Colorado Dep't. of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006). Therefore, Defendants' motion to dismiss Plaintiffs' claim of deliberate indifference is granted.

    **D. Section 1983 Claim of Failure to Train**

In their second claim, Plaintiffs assert that Defendants had a "policy, custom and/or practice that resulted in deprivation of Plaintiffs' and Mr. Moon's constitutional rights." (Doc. 1 at 19.) Plaintiffs also allege that Defendants had a "custom and/or practice to ignore clear signs of severe medical or psychological needs" and that they "failed to train, supervise, and retain staff on the rights of inmates who exhibited mental and physical conditions." (*Id.* at 20.) Again, Plaintiffs generally refer to Defendants in attempting to state this claim. Plaintiffs do allege that Defendants Chance and Carey were responsible for supervising the jail staff and implementing policies. (Doc. 1 at 21.) Plaintiffs' response brief also contends that Harper County would be liable under this claim. (Doc. 28 at 9-10.) Therefore, the court will analyze the claim against these Defendants.[6]

As discussed above, Plaintiffs have failed to sufficiently allege that any individual Defendant acted with deliberate indifference to Moon's constitutional rights. As such, Plaintiffs have not met the "threshold standard of culpability and causation required to hold the county liable." *Boyett v. Cty. of Washington*, 282 F. App'x 667, 681–82 (10th Cir. 2008) (citing *Carr v. Castle*, 337 F.3d 1221, 1231 (10th Cir. 2003) (plaintiffs must prove a municipal policy "actually caused" their injuries); *Lopez v. LeMaster*, 172 F.3d 756, 760 (10th Cir. 1999) (holding plaintiff "must prove that the [county's] deficiency in training actually caused his jailer to act with

---

[6] In any event, to the extent that Plaintiffs are asserting the claims against the individual Defendants, Plaintiff has failed to allege any facts regarding the individual Defendants and any specific actions taken by the individual Defendants. Therefore, to the extent Plaintiffs are making such claims they are dismissed. *Robbins*, 519 F.3d at 1250; *Mata*, 427 F.3d at 751.

deliberate indifference to his safety"); *see also Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) (no municipal liability when no underlying violation).

The same goes for Plaintiffs' claims against Chance and Carey. To succeed on their failure to train and/or supervise claim, Plaintiffs must demonstrate that Chance and/or Carey's inaction was the result of deliberate indifference to Moon' rights. *Graves*, 450 F.3d at 1218; *Serna*, 455 F.3d at 1151. When a plaintiff has "sued several officers in their supervisory roles, reciting their titles and official duties without alleging specific wrongdoing," the "claims fail[] as a matter of law, because under 42 U.S.C. § 1983, government officials may not be held vicariously liable for the conduct of their subordinates." *Atkins v. Sweetwater County Sheriff's Office*, 2012 WL 580575, at * 2 (10th Cir. Feb. 23, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). In this case, not only have Plaintiffs failed to allege specific wrongdoing by the supervisory Defendants, Plaintiffs have also failed to allege any specific wrongdoing by any of the individual Defendants.

As Plaintiffs have not sufficiently alleged that a constitutional violation occurred, Plaintiffs cannot establish that a Harper County policy or custom or the failure to train or supervise the jail officers by Chance and Carey is the cause of a constitutional violation. *Bd. of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (policy or custom must be the "moving force" behind the constitutional violation); *Olsen*, 312 F.3d at 1317–18 (no municipal liability in absence of constitutional violation); *Carr*, 337 F.3d at 1229 ("the identified deficiency in a [] training program must be closely related to the ultimate injury, so that it actually caused the constitutional violation.") (citation omitted.) Therefore, Plaintiffs' claims against Defendants must be dismissed.[7]

---

[7] The court need not address whether the official capacity claims are barred by the Eleventh Amendment as Plaintiffs have failed to state a constitutional violation committed by any individual Defendant. (Doc. 24 at 10-11.)

### E. State Law Claim

Finally, Plaintiffs also assert a wrongful death claim under Kansas law. Defendants make several arguments regarding the viability of this claim. (Doc. 24 at 8-10.) However, the Tenth Circuit has held that the court "may, and usually should, decline to exercise jurisdiction over any remaining state claims" when the federal claims have been dismissed. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010).

Therefore, the court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim.

### IV. Conclusion

Defendants' motion to dismiss (Doc. 23) is GRANTED. Plaintiffs' complaint is dismissed, without prejudice.

IT IS SO ORDERED this 10th day of September, 2019.

_s/ John Broomes _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

Moreover, the court notes that it has cited with approval *Reyes v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 07-2193-KHV, 2008 WL 2704160, at *7 (D. Kan. July 3, 2008), which held that a sheriff is not entitled to sovereign immunity when setting jail policies. *See Estate of Holmes by & through Couser v. Somers*, 387 F. Supp. 3d 1233, 1258 (D. Kan. 2019), *appeal docketed*, No. 19-3088 (10th Cir. April 26, 2019).